UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE SPILLER,

        Plaintiff,                          Hon. Janet T. Neff

v.                                               Case No. 1:19-cv-533

JEFFREY STIEVE, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

      The Court has before it Defendants Jeffrey Stieve's and William Borgerding's Motion to Dismiss. (ECF No. 12.) Defendants argue that Plaintiff's claims against them are subject to dismissal because they are barred by the statute of limitations, and Plaintiff fails to allege sufficient facts to state claim against them pursuant to 42 U.S.C. § 1983 under a supervisory liability theory. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **GRANTED**, and Plaintiff's claims against Defendants Stieve and Borgerding be **dismissed with prejudice.**

### Background

      Plaintiff, a former state prisoner incarcerated with the Michigan Department of Corrections (MDOC) until March 12, 2019, filed his complaint in this case on July 3, 2019, alleging that Defendants violated his rights under the Eighth Amendment by denying him surgery for his shoulder. Plaintiff alleges the following pertinent facts.

      In May 2010, while an inmate with the MDOC, Plaintiff injured his right shoulder while exercising in an MDOC facility. (ECF No. 1 at PageID.5.) Although Plaintiff requested

treatment for his injury, he was not treated until 2011. At that time, he was given Tylenol for his pain. (*Id.*) Plaintiff eventually kited healthcare that the Tylenol was not enough for his pain, as it was spreading to his neck and elbow without any relief from the medication. In 2013 and 2014, Plaintiff was given a "hot water bottle" and steroid injections, which provided only temporary relief. (*Id.* at PageID.5–6.) In 2015, following an MRI, a doctor informed Plaintiff that his shoulder required surgical intervention. Thereafter, Defendant Rogers completed a "407" request for Plaintiff's surgery and sent it to Defendant Papendick for approval. (*Id.* at PageID.6.) In May 2015, Plaintiff was sent to an orthopedic surgeon in Traverse City, who agreed that Plaintiff required shoulder surgery. In spite of these opinions, the surgery was not scheduled. In September and October 2015, Plaintiff sent kites to healthcare and a letter to the Office of Legislative Corrections Ombudsman regarding his request for treatment for his shoulder pain. (*Id.*) In February 2016, Plaintiff learned that Defendant Papendick had denied his request for surgery in July 2015. (*Id.* at PageID.8.)

Plaintiff filed a Step I grievance regarding Defendant Papendick's denial of Plaintiff's request for surgery on February 19, 2016. After the Step I grievance was denied, Plaintiff filed a Step II grievance in March 2016, which was also denied. Plaintiff then filed a Step III grievance, which was rejected as untimely on June 16, 2016. (*Id.* at PageID.8–9.)

**Motion Standard**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to the plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  The Supreme Court has instructed that, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

**Discussion**

I. **Statute of Limitations**[1]

Because 42 U.S.C. § 1983 does not contain its own statute of limitations, state statutes of limitations and tolling principles apply to determine the timeliness of claims brought under Section 1983. *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985). For Section 1983 suits filed in Michigan, the statute of limitations is three years. *See* M.C.L. § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam). However, federal law governs the accrual date. *See Wallace v. Kato*, 549 U.S. 384, 387–88 (2007). The Sixth Circuit has held that "under § 1983, the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action. 'A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.'" *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009) (internal citation omitted) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). "Stated differently, '[i]n determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights.'" *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003)).

Plaintiff's claim in this case is that Defendants' failure to authorize surgery for his shoulder amounted to deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. (ECF No. 1 at PageID.14.) By his own admission, Plaintiff learned in February 2016 that Defendant Papendick had denied his request for surgery in July 2015. Thus, Plaintiff

---

[1] The Sixth Circuit has held that a case may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), when an affirmative defense such as the statute of limitations is apparent on the face of the complaint. *Pierce v. Cty. of Oakland*, 652 F.2d 671, 672 (6th Cir. 1981). Consideration of the statute of limitations is appropriate in this case because the defense appears on the face of the complaint.

had reason to know of the injury which forms the basis of his action no later than February 2016. Because Plaintiff thereafter utilized the MDOC's grievance procedure to exhaust his claim, the statute of limitation was tolled while Plaintiff exhausted his claim—until June 16, 2016, when Plaintiff's Step III grievance was denied. *Owens v. Naylor*, 71 F. App'x 519, 521 (6th Cir. 2003) (citing *Brown v. Morgan*, 209 F.3d 595, 596–97 (6th Cir. 2000)). Plaintiff did not file his complaint in this case until July 3, 2019, beyond the three-year limitations period.

Plaintiff argues that his claim is not time-barred because Defendants' conduct constituted a continuing violation. The continuing violation doctrine applies where "(1) the defendants engage in continuing wrongful conduct; (2) injury to the plaintiffs accrues continuously; and (3) had the defendants at any time ceased their wrongful conduct, further injury would have been avoided." *Broom v. Strickland*, 579 F.3d 553, 555 (6th Cir. 2009) (quoting *Hensley v. City of Columbus*, 557 F.3d 693, 697 (6th Cir. 2009). When a continuing violation is identified, the court will "consider all relevant actions allegedly taken pursuant to the [defendant's] discriminatory policy or practice, including those that would otherwise be time barred." *Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 408 (6th Cir. 1999) (citation omitted). A continuing violation depends on "continual unlawful acts, not continual ill effects from an original violation." *Broom*, 557 F.3d at 697 (quoting *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007)). That is, "[p]assive inaction does not support a continuing violation theory." *Eidson*, 510 F.3d at 635.

The Sixth Circuit has observed that it most often employs the doctrine in Title VII cases, but "rarely extends it to § 1983 actions." *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003). In *Bruce v. Correctional Medical Services, Inc.*, 389 F. App'x 462 (6th Cir. 2010), the Sixth Circuit held that the continuing violation doctrine did not apply to the plaintiff's Eighth Amendment claim.

5

The plaintiff in *Bruce*, a prisoner in state custody, alleged that prison officials denied him medical treatment for injuries he suffered while working at his prison job. *Id.* at 463. He claimed that they were deliberately indifferent to his medical needs for almost five years. *Id.* at 464. The court said that "[a]ctual actions by [the defendants] of refusing medical care represent discrete unlawful acts (beyond passive inaction) that trigger the statute of limitations." *Id.* at 466–67. The court thus held that "only unlawful acts that occurred [within] the statute of limitations are not time-barred." *Id.* at 467. *See also Boddie v. Higgenbotham*, No. 16-3502, 2017 U.S. App. LEXIS 27886, at *8–9 (6th Cir. Feb. 3, 2017) (concluding that the continuing violation doctrine did not apply to the plaintiff's Eighth Amendment claim for denial of medical treatment because the claim was based on a dispute over the proper course of treatment rather than a continuing set of wrongs); *Young v. Tenn. Dep't of Corr.*, No. 1:15-cv-50, 2015 WL 8492463, at *2 (M.D. Tenn. Dec. 10, 2015) (noting that the continuing violation doctrine did not apply because the instances of denied medical care of which the plaintiff complained were "discrete unlawful acts").

The denial of Plaintiff's request for shoulder surgery was a discrete act that did not constitute a continuing violation. Plaintiff's claim accrued, at the latest, in February 2016, when Plaintiff learned that Defendant Papendick had previously denied his request for surgery. Because Plaintiff may seek relief only for denials of medical care that occurred after July 3, 2016. Plaintiff's complaint—based solely on the denial of his request for shoulder surgery—is untimely.

## II. Supervisory Liability

Defendants also argue that the complaint is subject to dismissal because Plaintiff fails to allege facts showing that they were personally involved in Plaintiff's medical care or that they can be liable under a theory of supervisory liability. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or

6

vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Supervisory liability attaches only if the plaintiff shows that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending [defendant]." *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (internal quotation marks omitted). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff fails to allege any fact suggesting that Defendants Stieve and Borgerding engaged in any active unconstitutional behavior or were even aware that Plaintiff was seeking medical treatment for his shoulder. At bottom, Plaintiff alleges nothing more than labels and conclusions as to Defendants Stieve and Borgerding, which "are not enough" to state a claim. *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). Accordingly, he fails to state a claim against them.

## Conclusion

For the reasons set forth above, I recommend that the Court grant Defendants Stieve's and Borgerding's Motion to Dismiss (ECF No. 12) and dismiss Plaintiff's claims against them with prejudice.

7

## **NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Dated: February 3, 2020                                          /s/ Sally J. Berens
                                                                                     SALLY J. BERENS
                                                                                      U.S. Magistrate Judge