UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE SPILLER,

    Plaintiff,

v.

JEFFREY STIEVE, et al.,

    Defendants.
_____/

Case No. 1:19-cv-533

HON. JANET T. NEFF

## **OPINION AND ORDER**

    Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Defendants Stieve and Borgerding filed a motion to dismiss, arguing that Plaintiff's Complaint against them was subject to dismissal either because Plaintiff untimely filed his Complaint, or, alternatively, because Plaintiff failed to state a plausible claim of supervisory liability. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending Defendants' motion be granted and Plaintiff's claims against Defendants Stieve and Borgerding be dismissed with prejudice. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

    Plaintiff objects to both bases for dismissing Defendants Stieve and Borgerding from this case. First, regarding the timing of his Complaint, Plaintiff argues that the Magistrate Judge

"incorrectly found that the acts of the Defendants did not constitute a 'continuing violation,'" a finding that Plaintiff argues led to the Magistrate Judge's incorrect conclusion that Plaintiff's claim was time-barred (Obj., ECF No. 34 at PageID.157). However, Plaintiff identifies no Sixth Circuit case law that supports his position. Plaintiff instead argues that the Magistrate Judge's reliance on Sixth Circuit case law is "misplaced" and that the Magistrate Judge should have followed the line of reasoning from a majority of other federal courts (*id.* at PageID.164-166). The Court disagrees. Plaintiff's objection does not identify any error in the Magistrate Judge's analysis or her ultimate conclusion that Plaintiff's Complaint, which was based solely on the denial of his request for shoulder surgery, i.e., a discrete act, was untimely filed (R&R, ECF No. 33 at PageID.150). Therefore, Plaintiff's first objection is denied.

However, even assuming arguendo that Plaintiff's Complaint was timely filed, Plaintiff's objection to the Magistrate Judge's alternative basis for dismissal is also properly denied. The Magistrate Judge concluded that Plaintiff "fails to allege any fact suggesting that Defendants Stieve and Borgerding engaged in any active unconstitutional behavior or were even aware that Plaintiff was seeking medical treatment for his shoulder" (R&R, ECF No. 33 at PageID.151). Plaintiff argues that he "sufficiently allege[d] facts to sustain a claim for supervisory liability because Defendants were involved in the treatment decisions of Plaintiff and were direct supervisors to Defendant Papendick and did not take corrective action to a constitutional violation" [sic] (Obj., ECF No. 34 at PageID.167). However, Plaintiff merely reiterates his allegations from his Complaint (*id*. at PageID.168-169; Compl., ECF No. 1). His objection does not identify—let alone demonstrate—any factual or legal error in the Magistrate Judge's analysis or conclusion. This objection therefore is also denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 34) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 33) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants Stieve and Borgerding's Motion to Dismiss (ECF No. 12) is GRANTED, and Plaintiff's claims against Defendants Stieve and Borgerding are DISMISSED WITH PREJUDICE.

Dated: March 23, 2020 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge