UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE SPILLER,

    Plaintiff,

v.

JEFFREY STIEVE, et al.,

    Defendants.
_____/

Case No. 1:19-cv-533

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Defendants Corizon Health, Inc., Papendick, Lacy, Bomber, and Rogers filed a Motion for Judgment on the Pleadings/Motion for Summary Judgment and Defendants Blessman and McIntyre filed a Motion for Summary Judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending this Court grant both motions and dismiss Plaintiff's complaint with prejudice. The matter is presently before the Court on Plaintiff's six objections to the Report and Recommendation. Defendants filed responses to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

*Objection One.* Plaintiff first argues that the Magistrate Judge "erred in determining that Plaintiff failed to satisfy the subjective component of the test" for a deliberate indifference claim (Obj., ECF No. 64 at PageID.1334). Plaintiff asserts that Defendant Rogers "possessed a

'sufficiently culpable state of mind'" by failing to obtain treatment for Plaintiff after Defendant Rogers "filed two 407 requests for treatment, received reports from specialists regarding Plaintiff's condition, and expressed agreement with Defendant Papendick that Plaintiff was in need of treatment" (*id.*).  However, as the Magistrate Judge properly identified, and Defendants stated in their response, "[a]ll of Defendant Rogers' actions … demonstrate[d] that Defendant Rogers did not ignore Plaintiff's need for surgery …" (ECF No. 65 at PageID.1351; R&R, ECF No. 63 at PageID.1322-1323).  Plaintiff's assertion fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion; therefore, the objection is denied.

*Objection Two.*  Next, Plaintiff asserts that the Magistrate Judge "erred in granting judgment to Defendants Papendick, Lacy, and Bomber because she found they did not argue they were not deliberately indifferent" (Obj., ECF No. 64 at PageID.1337).  However, aside from this mere conclusory assertion, Plaintiff fails to specifically identify the portions of the Magistrate Judge's proposed findings to which the objection is directed or develop any argument supporting this objection.  *See* W.D. Mich. LCivR 72.3(b).  Therefore, the objection is denied.

*Objection Three.*  Next, Plaintiff argues that he "has established that Defendant Papendick was deliberately indifferent to Plaintiff's serious medical need" (Obj., ECF No. 64 at PageID.1338).  The Magistrate Judge determined that "Krause's testimony shows no more than that Dr. Papendick was negligent because he was unaware that WMH [War Memorial Hospital] had a secure unit" (R&R, ECF No. 63 at PageID.1325).  While Plaintiff asserts that "there is a question of fact as to whether Defendant Papendick had the requisite subjective intent to establish an Eighth Amendment violation" (Obj., ECF No. 64 at PageID.1338), he develops no argument and identifies no record support that demonstrates any error in the Magistrate Judge's analysis or conclusion.  Therefore, the objection is denied.

*Objection Four.* Next, with regard to his supervisory liability claims Plaintiff argues that the Magistrate Judge "erroneously concluded that the claims against Defendant Lacy and Defendant Bomber should be dismissed as they were not 'actively involved in making treatment decisions'" (Obj., ECF No. 64 at PageID.1341). Plaintiff asserts that "this conclusion disregards the actions that Defendant Lacy and Defendant Bomber did take and their supervisory roles for Corizon" (*id.*). However, Plaintiff does not identify support for his assertions that Defendant Bomber's failure to act given his supervisory capacity "is indicative of an implicit acquiescence in inadequate and unnecessary delayed medical treatment in violation of the Eighth Amendment" (*id.* at PageID.1343). As Defendants point out in response, "[s]imply alleging that Plaintiff's rights were violated and the supervisory Defendants were aware of it does not present sufficient evidence to present to a jury" (ECF No. 65 at PageID.1354). Therefore, the objection is denied.

*Objection Five.* Next, Plaintiff argues that he "has demonstrated that there exists a material issue of fact with respect to whether Defendant McIntyre was deliberately indifferent to a serious medical need" (Obj., ECF No. 64 at PageID.1343). Plaintiff asserts that the "MDOC policy requires the Chief Medical Officer (CMO) approve all surgeries determined to be medically necessary" and in failing to do this Defendant McIntyre "abdicated her duty in violation of clearly established law" (*id.* at PageID.1343-1344). Plaintiff failed to raise this issue before the Magistrate Judge. In any event, Defendants point out in response that MDOC Policy Directive 03.04.100, the policy that Plaintiff cites, was not in effect until after Plaintiff was released (ECF No. 66 at PageID.1360). *See* Policy Directive 03.04.100, ECF No. 57-2 at PageID.1171-1183. This objection is properly denied.

*Objection Six.* Last, Plaintiff argues that the Magistrate Judge "erroneously concluded that Corizon cannot be held liable because Plaintiff failed to establish that the individual defendants

violated Plaintiff's Constitutional Rights" (Obj., ECF No. 64 at PageID.1345). However, the Magistrate Judge properly analyzed Plaintiff's *Monell* claim, concluding that "[b]ecause Plaintiff fails to show a constitutional violation, Corizon cannot be liable under *Monell*" (R&R, ECF No. 63 at PageID.1326). Plaintiff has not supported his conclusory assertion that there remains a question of material fact as to whether a constitutional violation occurred and that "Corizon maintained a policy and custom of failing to coordinate and provide medically necessary care …" (Obj., ECF No. 64 at PageID.1346). Therefore, the objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this Opinion and Order resolves all pending claims in this case, a Judgment will also be entered. *See* FED. R. CIV. P. 58. Further, because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 64) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 63) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motions for Summary Judgment (ECF Nos. 41 & 42) are GRANTED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: December 3, 2020  /s/ Janet T. Neff  
JANET T. NEFF  
United States District Judge